**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CHAMBERS OF<br>MADELINE COX ARLEO<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST. ROOM 4066<br>NEWARK, NJ 07101<br>973-297-4903 |

March 4, 2026

VIA ECF
All Counsel of Record

## LETTER ORDER

Re:     **Eve Taylor v. 240 Realty, LLC, et al.**
**Civil Action No. 25-17393**

Dear Litigants:

Before the Court, among other motions,[1] are:

(1) Plaintiff Eve Taylor's ("Plaintiff") motion for default judgment as to Defendant Roberta Tarkan ("Tarkan"), ECF No. 93 ("Default Motion");

(2) Tarkan's cross-motion to vacate the default entered against her and opposing the Default Motion, ECF No. 101 ("Vacatur Motion"); and

(3) Plaintiff's motion for a temporary restraining order and injunction against Tarkan, ECF No. 98 ("TRO Motion").

Tarkan opposes the TRO Motion.  See ECF No. 105.  For the reasons set forth below, Plaintiff's Default Motion, ECF No. 93, is **DENIED**; Tarkan's Vacatur Motion, ECF No. 101, is **GRANTED**; and Plaintiff's TRO Motion, ECF No. 98, is **DENIED**.

## I.     BACKGROUND

Plaintiff initiated this lawsuit against more than 60 Defendants asserting, inter alia, civil rights claims under 42 U.S.C. § 1983, the Fair Housing Act, and the Americans With Disabilities Act; claims for negligence and reckless endangerment; and claims for retaliatory eviction and harassment.  See ECF No. 1, Compl. at 8–12.  At their core, Plaintiff's claims appear to stem

---

[1] There are currently multiple motions to dismiss Plaintiff's complaint and motions for temporary restraining orders and default judgments against other named Defendants pending before the Court.  See, e.g., ECF Nos. 24, 32, 54, 64, 95, 96, 97, 103, 114, 117, 120, 121.  This Order does not resolve those motions.

from an ongoing landlord-tenant dispute. See id. at 8–9.

In mid-January 2026, Plaintiff filed several requests for entry of default against certain named Defendants, including Tarkan, which the clerk of court subsequently entered. See ECF No. 73. Plaintiff then filed the Default Motion against Tarkan. See ECF No. 93.

Before Plaintiff filed the Default Motion, Tarkan filed an informal letter with the Court requesting the entry of default be vacated. See ECF No. 91. It explained that Tarkan became aware of the entry of default on January 28, 2026; attempted, through Tarkan's counsel, to contact Plaintiff the same day to request Plaintiff stipulate to vacate the entry of default; and, the following day, sent Plaintiff a proposed stipulation to vacate the entry of default. See id. On January 29, the same day she would have received the proposed stipulation, Plaintiff called Tarkan's counsel and refused to stipulate to vacate the entry of default. See id. Tarkan then filed the informal letter. See id. She has since filed the formal Vacatur Motion. See ECF No. 101.[2]

Plaintiff separately filed the TRO Motion. See ECF No. 98. It alleges that Tarkan, who is representing Plaintiff's landlords in ongoing state court proceedings, is harassing Plaintiff and contacting her in violation of separate restraining and no-contact orders. See id. at 1–3. She also alleges that without relief, she would be required to appear opposite Tarkan at state court proceedings and could be at risk of homelessness (evidently through a state court judgment ordering her eviction). See id. The TRO Motion therefore seeks an order barring Tarkan from contacting or communicating with Plaintiff. See id. at 6.[3]

## II. ANALYSIS

### A. Default Motion and Vacatur Motion

Rule 55 permits a court to set aside an entry of default for good cause. See Fed. R. Civ. P. 55(c). In assessing whether good cause exists, a court considers: "(1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; [and] (3) whether the default was the result of the defendant's culpable conduct." Doe v. Hesketh, 828 F.3d 159, 175 (3d Cir. 2016) (quotation marks omitted). The decision is left to the court's sound discretion. Bailey v. United Airlines, 279 F.3d 194, 204 (3d Cir. 2002). Courts disfavor entries of default and prefer to decide cases on the merits; therefore, they resolve any doubtful issues in favor of the party moving for vacatur. See United States v. Mulvenna, 367 F. App'x 348, 350 (3d Cir. 2010). Here, the Court finds good cause exists to vacate the entry of default.

First, Plaintiff will not be prejudiced if the Court vacates the entry of default. "Prejudice may be shown if, in the time elapsed from entry of default, the non-defaulting party's ability to pursue [her] claim has been hindered." Engie Power & Gas LLC v. Adorama N.J., No. 24-6480, 2024 WL 4818772, at *2 (D.N.J. Nov. 18, 2024). This may arise from a loss of available

---

[2] In her reply in support of the Default Motion, Plaintiff argues that Tarkan failed to oppose the Default Motion. See ECF No. 116. The Vacatur Motion, however, clearly opposes Tarkan's Default Motion. See, e.g., Vacatur Mot. at 12 ("Defendant now files this brief respectfully requesting that the Court deny Plaintiff's motion for default judgment and vacate the entry of default against Defendant").

[3] The TRO Motion also seeks an order denying Tarkan's request to vacate the entry of default. See TRO Mot. at 6.

evidence, an increased potential for fraud, or the development of substantial reliance on the entry of default.   See Feliciano v. Reliant Tooling Co., 691 F.2d 653, 657 (3d Cir. 1982).   None of these circumstances are present here.   Plaintiff does not contend that Tarkan's delay has resulted in a loss of evidence or increases the risk of fraud.   And, Tarkan contacted Plaintiff requesting that she consent to vacate the entry of default just twelve days after Plaintiff requested it, and eight days after default was entered by the clerk.   See ECF No. 91.   That cuts against any concern that Plaintiff could have developed substantial reliance on the entry of default.   See Dambach v. U.S., 211 F. App'x 105, 109 (3d Cir. 2006) (finding no prejudice when "Defendants moved to vacate the defaults shortly after their entry").

Second, Tarkan has two potential meritorious defenses.   To vacate an entry of default, a defendant "need not prove [her] case"; she "must only 'set forth with some specificity the grounds for [her] defense.'"   Fed. Express Corp. v. Jo-Ed Trucking, Inc., No. 24-10132, 2025 WL 551472, at *4 (D.N.J. Feb. 19, 2025) (quoting Mrs. Ressler's Food Prods. v. KZY Logistics LLC, 675 F. App'x 136, 141 (3d Cir. 2017)).   Tarkan has done this.   She has represented that she may have a defense based on improper service, as well as a defense pursuant to Rule 12(b)(6).   At this stage, the Court accepts "Defendant's mere allegations as true" and finds they support vacating the entry of default.   Fed. Express, 2025 WL 551472, at *4 (quotation marks omitted).

Third, Tarkan's failure to timely answer was not based on culpable conduct.   "In this context[,] culpable conduct means actions taken willfully or in bad faith."   Gross v. Stereo Component Sys., Inc., 700 F.2d 120, 123–24 (3d Cir. 1983).   This occurs if a party's actions are "intentionally designed to avoid compliance with court notices."   Hritz v. Woma Corp., 732 F.2d 1178, 1183 (3d Cir. 1984).   Here, the opposite is true.   As Plaintiff was aware, Tarkan was taking steps to actively defend herself in this litigation before Plaintiff filed the request for a clerk's entry of default.   See ECF No. 89.   Moreover, Tarkan swiftly sought to vacate the entry of default and proceed on the merits once she became aware of it, and Plaintiff has provided no basis to justify her bald refusal of Tarkan's request that Plaintiff consent to vacatur.   This series of events does not suggest Tarkan was intentionally seeking "to avoid compliance with court notices."   Hritz, 732 F.2d at 1183.

Accordingly, the Default Motion is denied and the Vacatur Motion is granted.   The case will proceed on the merits.[4]

### B.    TRO Motion

Injunctive relief is an extraordinary remedy that is not routinely granted.   See Then v. INS, 37 F. Supp. 2d 346, 351 (D.N.J. 1998).   To obtain this extraordinary relief by form of a preliminary injunction or TRO, the moving party must demonstrate: (1) a likelihood of success on the merits; (2) that denial would cause irreparable harm to the plaintiff; (3) that the balance of equities favors granting the injunction; and (4) that the injunction would be in the public interest.   Riley v. City of Harrisburg, 858 F.3d 173, 177, 179 (3d Cir. 2017).   Although a court must balance all four factors together to determine if injunctive relief is warranted, at a minimum, the moving party must establish that the "two gateway factors"—a likelihood of success on the merits of a

---

[4] For these same reasons, the TRO Motion's request for an order denying Tarkan's request to vacate the entry of default is denied.

plaintiff's claims and irreparable harm—"are met." Id. at 179.

Here, Plaintiff seeks an order barring Tarkan from having any communication with her based on complaints of harassment in underlying state court proceedings related to Plaintiff's tenancy. See TRO Mot. at 6. But she has not adequately shown she is entitled to such extraordinary relief. Plaintiff's argument that she is likely to succeed on the merits is based entirely on the entry of default that the Court has ordered to be vacated, and she does not otherwise justify how she is likely to succeed under any of the statutory or common law causes of action she asserts against Tarkan in her Complaint. See TRO Mot. at 4. This alone dooms the TRO Motion. See In re Arthur Treacher's Franchisee Litig., 689 F.2d 1137, 1143 (3d Cir. 1982) (explaining that "a failure to show a likelihood of success . . . must necessarily result in the denial of [injunctive relief]").

## III.    CONCLUSION

For the foregoing reasons, Plaintiff's Default Motion, ECF No. 93, is **DENIED**, and Tarkan's Vacatur Motion, ECF No. 101, is **GRANTED**.

The Clerk is **ORDERED** to vacate the entry of default entered against Defendant Tarkan on January 20, 2026. Tarkan is **ORDERED** to answer or otherwise respond to the Complaint within **twenty-one (21) days** of the issuance of this Order.

Separately, Plaintiff's TRO Motion, ECF No. 98, is **DENIED**.

**SO ORDERED**.

*s/ Madeline Cox Arelo*
**MADELINE COX ARLEO**
**UNITED STATES DISTRICT JUDGE**

4